UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GLENN MILLIET                                                          CIVIL ACTION

VERSUS                                                                      NO. 07-7443

LIBERTY MUTUAL INSURANCE                              SECTION "N"  (4)
COMPANY, ET AL.

## ORDER AND REASONS

Before the Court is Plaintiff's **Motion to Remand (Rec. Doc. 5)**. After reviewing the Petition, the Notice of Removal, the memoranda of the parties, and the applicable law, the Court denies the motion to remand for the reasons expressed herein.

### I.    Background

The residence of Plaintiff Glenn Milliet, which was located in Jefferson Parish, was damaged by Hurricane Katrina. Thereafter, Milliet filed the instant lawsuit against two entities – (1) his insurance company, Liberty Mutual Insurance Company ("Liberty Mutual") (a foreign insurance company), for its failure to pay insurance proceeds due under the policy and (2) his general contractor, Complete Carpentry (a Louisiana corporation), which he hired post-storm to make repairs to his residence. In his Petition, Milliet claims there is a dispute among himself, Liberty Mutual, and Complete Carpentry regarding "whether the charges and fees billed by [Complete Carpentry] to [him] are excessive, unfair, burdensome, and unjustified." (Petition, ¶ XIX). Milliet seeks a declaratory judgment from this Court that such repairs made by Complete Carpentry are

covered by his contract of insurance with Liberty Mutual. (Petition, ¶ XX).

Liberty Mutual removed this action to this Court on the basis of diversity jurisdiction, asserting that the $75,000 amount in controversy is satisfied. Liberty Mutual asserts that Plaintiff improperly attempted to defeat diversity jurisdiction by naming Complete Carpentry, a Louisiana corporation, as a defendant. Liberty Mutual contends that all properly joined parties are completely diverse. The matter is presently before the Court on Plaintiff's motion to remand.

In support of this motion to remand, Milliet notes that this suit was filed to obtain a determination of the reasonableness of Complete Carpentry's charges to repair his house versus Liberty Mutual's interpretation of what those charges should be. Milliet claims that Complete Carpentry was not improperly joined to defeat diversity. Instead, Milliet contends that Complete Carpentry is a juridical person whose obligations to him may be affected by the contract between himself and Liberty Mutual.

**II.     Law and Analysis**

Here, both parties agree that the amount in controversy is satisfied. The only issue pertains to diversity of citizenship.

**A.     Removal Jurisdiction**

The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001). The removal statute should be strictly construed in favor of remand and any ambiguities should be construed against removal. *Manguno v. Prudential Prop. And Cas. Ins. Co.*, 276 U.S. 720, 723 (5th Cir. 2002).

**B.     Diversity Jurisdiction**

The federal removal statute allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). That statute explains that suits arising under federal law are removable without regard to the citizenship of the parties; all other suits are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This Court may not exercise jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined to create federal diversity jurisdiction. See 28 U.S.C. § 1359.

**1.     Improper Joinder of Complete Carpentry**

"The burden of proving a fraudulent joinder is a heavy one," and is borne by the removing party. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.1983). The removing party can satisfy its heavy burden by demonstrating "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981); *see also Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir.2003). However, "[i]f there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility ... must be reasonable not merely theoretical." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir.2002).

Liberty Mutual asserts (through the affidavit of a Senior Property Loss Specialist) that contrary to Milliet's representations to the Court, Milliet never submitted an invoice to Liberty

Mutual from Complete Carpentry. (See Exhibit B to opposition). Liberty Mutual points out that Milliet neglected to attach the purported bid as an exhibit to his motion to remand to prove that such a bid was sent. Further, the Court notes that Milliet neglected to file a reply to respond to Liberty Mutual's affidavit, which states that such a bid was never sent by Milliet. Further, Liberty Mutual points out that Milliet never requested service on Complete Carpentry until the day the subject motion to remand was filed.

Because the uncontroverted affidavit states that Liberty Mutual never received the invoice from Complete Carpentry, it cannot be said to have rejected the invoice. Therefore, there is no current justiciable controversy (aside from a merely hypothetical one) between Plaintiff and Complete Carpentry. Milliet has no right to request a declaratory judgment from the Court on a non-existent justiciable controversy. *See Stoddard v. City of New Orleans*, 165 So.2d 9 (La. 1964). Thus, such an opinion or judgment as to the rights of these parties under these circumstances would constitute an advisory opinion, which is prohibited under the law. Therefore, because Milliet cannot obtain a declaratory judgment against Complete Carpentry, it is improperly joined and its citizenship should be disregarded.

### 2. Misjoinder of Milliet's Claims Against Complete Carpentry and Liberty Mutual

In addition to the improper joinder argument, Liberty Mutual claims that Complete Carpentry is mis-joined pursuant to *Tapscott v. MS Dealer Serv. Corp.,* 77 F.3d 1353, 1355-60 (11th Cir. 1996), *abrogated on other grounds* by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir.2000).. In *Tapscott*, the Eleventh Circuit recognized a third type of fraudulent joinder in addition to showing actual fraud in pleading jurisdictional facts and the inability of the plaintiff to establish a cause of action against the non-diverse defendant. 344 F.3d at 1360. That Court held that the "egregious"

4

misjoinder of parties that have no real connection to each other, as opposed to "mere" misjoinder, can constitute improper joinder. *Id.* The Fifth Circuit appeared to have adopted the *Tapscott* doctrine in *In re Benjamin Moore & Co. and Crockett v. R.J. Reynolds Tobacco Co.*, 2007 WL 325368, *2-*4 (E.D .La. Jan. 30, 2007). *Touro Infirmary v. American Maritime Officer*, 2007 WL 4181506, *7 (5th Cir. Nov. 21, 2007).

Parties may be joined in the same suit, either as plaintiffs or as defendants if: (1) there is a community of interest between the parties joined; (2) each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and (3) all of the actions cumulated are mutually consistent and employ the same form of procedure.  La.Code Civ. P. art. 463. A "community of interest is present between different actions or parties, where enough factual overlap is present between the cases to make it commonsensical to litigate them together." *Touro Infirmary*, 2007 WL 4181506 at *7-8., *quoting Mauberret-Lavie v. Lavie*, 850 So.2d 1, 2 (La.Ct .App.2003).

Here, the Court finds that there is not sufficient overlap over Milliet's claims against the two defendants so that it may be said that common sense dictates that these matters should be tried together.  In fact, the claims between Complete Carpentry and Milliet and the claims between Liberty Mutual and Milliet arise out of completely different and separate contracts.  Complete Carpentry is not a party to the insurance contract between Milliet and Liberty Mutual just as Liberty Mutual is not a party to the post-Katrina construction contract between Milliet and Complete Carpentry.  There is no community of interest between the parties, and only tangentially are they related regarding operative and relevant facts.  Thus, the Court sees no commonsensical reason to consider these claims together.  As these claims are misjoined, the Court will not consider Complete Carpentry's citizenship for purposes of evaluating the existence of federal jurisdiction.

### III.     Conclusion

For the reasons stated herein, **IT IS ORDERED** that Plaintiff's **Motion to Remand (Rec. Doc. 5)** is **DENIED**.

New Orleans, Louisiana, this 11th day of January, 2008.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**